**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 1:23-CR-0118 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | Judge Barrett |
| TRAVIS TAYLOR, | : | |
| *Defendant.* | : | |

---
### United States' Sentencing Memorandum
---

## I.    Procedural Background

Defendant, Travis Taylor, pled guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) pursuant to an 11(c)(1)(A) plea agreement.  The agreement leaves the sentence entirely to the discretion of the Court.  As calculated in the presentence report (PSR), the defendant's criminal history category is I and his offense level is 28.  This results in an advisory sentencing guidelines range of 78-97 months.

## II.    Sentencing Factors

The United States Sentencing Guidelines are advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id*. at 49-50. Substantive reasonableness requires the sentence imposed by the district court to be reasonable based upon the totality of the circumstances. *Id* at 51. The factors to be considered under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to deter the defendant and others, and the need to protect the public from the defendant's crimes.

**A. Offense Conduct**

Here, Taylor was viewing and collecting child pornography using the internet and dark web. When confronted by investigators at his residence, Taylor cooperated with the investigators and admitted his involvement in acquiring and possessing child pornography. Taylor admitted to viewing child pornography since he was a teenager. A review of his devices revealed thousands of images and videos of child pornography.

**B. General Deterrence**

As the Sixth Circuit has explained, "general deterrence in the child-pornography context is not a 'myth'." *United States v. Demma*, 948 F.3d 722, 732 (6th Cir. 2020). Hence, the Sixth Circuit has "told sentencing courts *repeatedly*, 'general deterrence is crucial in the child pornography context' to protect the public by deterring the market for such products and activities." *United States v. Schrank*, No. 17-6093, 2019 WL 1716009, at *2 (6th Cir. Apr. 16, 2019) (emphasis in original), *citing United States v. Robinson*, 778 F.3d 515, 520-21 (6th Cir. 2015) (editorial mark omitted); *see also United States v. Bistline*, 720 F.3d 631, 632 (6th Cir. 2013); *United States v. Christman*, 607 F.3d 1110, 1121 (6th Cir. 2010); *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). This is especially true concerning Taylor's conduct – a crime anyone with an internet connection can commit.

**C. Restitution**

To date, the United States has received 27 requests for restitution from the victims depicted in Taylor's collection. In light of the sheer volume of requests, Taylor's financial situation, and the difficulty in discerning which victim Taylor's conduct caused more harm too, the United States recommends Taylor be ordered to pay the minimum $3,000 to each victim.

**III.  Sentencing Recommendation**

The United States submits Taylor merits a small downward variance from his advisory guideline range. He has little criminal history and was fully cooperative with law enforcement when they confronted him about his conduct.  While it's clear Taylor has some genuine problem with child pornography, his condition is treatable.  The Court should recommend Taylor participate in the Bureau of Prisons programming specifically designed for child pornography offenders.  Particularly, the BOP's Non-residential Sex Offender Treatment Program is designed to address sex offenders whose offenses involve online conduct.  The Non-Residential treatment consists of outpatient groups meeting 2-3 times per week for several hours. The program takes 9-12 months to complete and is available at FCI Elkton.  In the program, Taylor will learn basic skills and concepts to help him understand his past offenses and to reduce risk of future offending.

While treatment may make Taylor less likely to reoffend, no weighing of the applicable sentencing factors can justify a sentence which does not result in a significant term of incarceration.  Accordingly, the United States requests the Court sentence Taylor to serve 2 years imprisonment.  This meets the goals of sentencing by deterring others and punishing Taylor while also giving him the ability to receive treatment through the Non-Residential sex offender treatment program.  Additionally, he should be ordered to pay the restitution to the victim of his offense as outlined above and a $100 special assessment.  Given his financial situation, age, and significant restitution obligation, the United States does not feel a fine or payment of the Justice for Victim's of Trafficking act assessment is warranted.  Finally, a term of supervised release of at least five years should follow his incarceration.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/ *Kyle J. Healey*
Kyle J. Healey (0083794)
Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
E-mail: kyle.healey@usdoj.gov

<u>Certificate of Service</u>

I certify that I filed the foregoing with the Court's CM/ECF system this 25th day of

October, 2024.

s/ *Kyle J. Healey*
Kyle J. Healey
Assistant United States Attorney